United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20953
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC LEE EVANS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-29-ALL
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Eric Lee Evans appeals the sentence imposed following his guilty-plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Evans argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court erred in sentencing him under a mandatory guidelines system and in sentencing him based upon facts that were not admitted by him or found by a jury.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The two-level adjustment to Evans's sentence pursuant to U.S.S.G. § 2K2.1(b)(4) violated his Sixth Amendment right to a trial by jury, and the Government has not carried its burden of demonstrating that the error was harmless. See United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005); United States v. Akpan, 407 F.3d 360, 376-77 (5th Cir. 2005). Accordingly, Evans's sentence is VACATED, and the case is REMANDED FOR RESENTENCING. Because it is necessary to vacate Evans's sentence based upon the Sixth Amendment Booker error, we do not address Evans's argument that his sentencing pursuant to a mandatory guidelines scheme constitutes reversible error. See Akpan, 407 F.3d at 377 n.62.

VACATED AND REMANDED FOR RESENTENCING.